[No. B239719. Second Dist., Div. Four. Sept. 6, 2013.]

HOWARD CHO, Cross-complainant and Respondent, v.
JESSICA CHANG, Cross-defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*This case is certified for publication except for parts I, II and IV of the Discussion.

**COUNSEL**

Henry M. Lee Law Corporation, Henry M. Lee and Robert Myong for Cross-defendant and Appellant.

Ballard Rosenberg Golper & Savitt, Linda Miller Savitt, Linda B. Hurevitz and Christine T. Hoeffner for Cross-complainant and Respondent.

**OPINION**

**EPSTEIN, P. J.**—Appellant Jessica Chang appeals from a trial court order that in part denied her special motion to strike. After Chang filed suit against respondent Howard Cho and codefendant Midway International, Inc. (Midway), for sexual harassment and related torts, Cho filed a cross-complaint against Chang, alleging defamation and intentional infliction of emotional distress. Chang filed a special motion to strike the cross-complaint as a "SLAPP" (strategic lawsuit against public participation) suit, pursuant to Code of Civil Procedure section 425.16.[1] She contends the activities giving rise to her claims were protected and, hence, that the trial court should have granted her motion in full and struck the cross-complaint in its entirety. Chang also contends she should have been awarded attorney fees.

■ There is a further complication. Each of the causes of action in the cross-complaint combines allegations of conduct that is protected by the anti-SLAPP statute with conduct that is not.[2] We are satisfied that the better view in such a case is that the trial court may strike the allegations in the cross-complaint attacking the protected activity while allowing the unprotected theories to remain. That is what the trial court did in this case. We shall affirm its ruling.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant Chang sued her former employer, Midway, and former coworker, respondent Cho, alleging claims of sexual harassment, unlawful retaliation, and sexual discrimination under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), as well as sexual assault and battery. The complaint is based on incidents at two holiday events for Midway employees. The first was on November 24, 2010 (November incident), in which Chang alleges Cho "repeatedly touched, groped, and fondled" her. The second was on December 30, 2010 (December incident) in which Chang alleges Cho again fondled and groped her, this time more aggressively than before. In his cross-complaint, Cho alleged that Chang's written statements were "libelous on their face. They expose Cho to hatred, contempt, and obloquy to asserting explicitly that Cho is a lecher, philanderer, lustful and one who commits adultery." He makes essentially the same allegation with respect to Chang's oral statements to coworkers.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] There is a further complication as to the protected claim. Since Cho has not appealed from this part of the trial court's ruling, as we discuss in the unpublished portion of our opinion, he is precluded from arguing on appeal that he demonstrated probability of prevailing. Of course, no such showing is required for unprotected claims.

In her declaration, Chang alleges that in the months that followed the December incident, Cho was belligerent at work, insulting and berating her in front of coworkers. In March 2011, Chang verbally reported details of the sexual assault and harassment, and the retaliation, to the vice-president of Midway. She then submitted a written summary of her claims. After investigation by the vice-president and by the president and owner of Midway failed to remedy her concerns, Chang filed a discrimination complaint with the United States Equal Employment Opportunity Commission (EEOC) and California's Department of Fair Employment and Housing (DFEH). She received a right-to-sue letter and filed her complaint against Cho and Midway in May 2011. This was followed by Cho's cross-complaint alleging several causes of action against Chang. The causes of action were for defamation, intentional infliction of emotional distress and negligent infliction of emotional distress.[3] Each stated a claim based on Chang's written report to Midway, the claims she filed with the EEOC and DFEH, and her "oral statements to her co-workers." Chang responded with a special motion to strike the cross-complaint as a SLAPP suit pursuant to section 425.16, arguing that Cho's suit arose from actions in furtherance of her right to free speech and petition. She also sought attorney fees.

In his opposition to the motion, Cho argued that Chang failed to make a prima facie case and that her verbal comments to coworkers were not protected activity. He submitted two declarations in support of his opposition, one from Tom Lee, another Midway employee, and the other his own.

Lee declared that on or about March 25, 2011, Chang told him that she had been groped and fondled by Cho. Referring to the December 2010 event, Lee declared that he was with Cho and Chang almost the entire evening and "[a]t no time did I see any physical contact between Howard Cho and Jessica Chang." Lee continued, stating that the week before Chang made the accusation about Cho groping her, she had complained about Cho being hard on her and strict, and that he (Lee) was aware that she was "not doing very well as a Sales Representative and was not able to adequately follow the company's procedures or meet her sales quota"; that the last few weeks she had been complaining about the team and the job; and that the day she told him that Cho had touched and fondled her inappropriately "was many months after the so called event and my impression was she was angry with him about other things." Lee concluded by stating that as soon as Chang told him she was making these accusations against Cho, he "called him [(Cho)] to tell him what she planned to do."

---

[3] No facts are alleged regarding the negligent infliction of emotional distress claim, as the claim only appeared on the cross-complaint's title page and proof of service. It was later dropped completely in a subsequent amended cross-complaint.

Cho's declaration states that Chang falsely accused him of sexually harassing her; that she first made these accusations before she filed a complaint and "before she reported these false events"; that the two events were voluntary social gatherings of several fellow employees of Midway, not company events; and that employees were not required to attend them. Cho also declared that none of his coworkers or subordinates confirmed her accusations. He continued that on or about March 11, 2011, Midway management returned Chang to a sales associate position, and this was done without consulting him and he made no recommendation about it. He recalled that Lee contacted him over the March 26 to 27, 2011 weekend and told him of Chang's accusations and that she had made a complaint to management on March 25, 2011. He also named two other employees who, besides Lee, were present with him at the November occasion. Cho declared that he was humiliated by Chang's accusations which caused him considerable distress. The record does not include a declaration by either of the two other coemployees, or by any other coemployee.

The cross-complaint alleges that Cho made an oral complaint to Midway management "on or about March 25, 2011," which was followed by an investigation of the charges by management.

According to the cross-complaint, Chang submitted a written complaint to Midway management on March 25 and 28, 2011. In a declaration she stated that her verbal incident report to management was made in the exercise of her rights to freedom of speech and to petition, and that her written report was made at the request of management.

The court found that although Chang's comments to coworkers were not protected activity, her other statements were, and, as to these, Cho failed to establish a prima facie case. The court also concluded that the litigation privilege (Civ. Code, § 47) did not apply to Chang's comments to coworkers. It granted Chang's anti-SLAPP motion as to the protected activity and denied it as to the unprotected activity. The court denied attorney fees, reasoning the partially successful motion "produced nothing of consequence." This appeal by Chang followed.

## DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 521.

## III

Appellate courts have wrestled with the application of the anti-SLAPP law where, as in this case, a single cause of action includes multiple claims, some protected by that law and some not. We do not attempt to canvass the large and growing number of cases on this issue. A thorough discussion of the issues and alternatives presented, with a reprise of earlier authority, may be found in many of them. (See, e.g., *Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 106 [15 Cal.Rptr.3d 215] [if plaintiff demonstrates probability of prevailing on any protected claim, entire cause of action survives motion to strike]; *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1553–1554 [110 Cal.Rptr.3d 129] [entire cause of action properly stricken where any part is protected and not merely "incidental" to unprotected claim, and plaintiff shows requisite probability of success on protected claim]; *id.*, at p. 1555 (dis. opn. of Needham, J.) [arguing this result is inconsistent with the statute, that *Mann* was incorrectly decided, and that the court should distinguish between "claim" and "cause of action"]; *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1199–1200 [128 Cal.Rptr.3d 205] [rejecting *Mann*, but concluding statute requires plaintiff to establish probability of prevailing on protected activity "and nothing else"]; *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 772 [142 Cal.Rptr.3d 74] [court may parse mixed cause of action, granting motion to strike protected activity while allowing complaint to proceed as to unprotected activity]; *id.*, at pp. 787, 789 (dis. opn. of Richli, J.) [disagreeing with this view]; *Burrill v. Nair* (2013) 217 Cal.App.4th 357, 378 [158 Cal.Rptr.3d 332], petn. for review pending [disagreeing with majority opinion in *Singletary*].)

■ One of the issues presented in *Taus v. Loftus* (2007) 40 Cal.4th 683 [54 Cal.Rptr.3d 775, 151 P.3d 1185] (*Taus*) was whether the plaintiff had established a probability of prevailing as to contentions of liability that were a subset of her purported causes of action in her suit. (40 Cal.4th at p. 711.) Although the alleged conduct did not fall within the ambit of protected activity under the statute, the court concluded that "in order to avoid dismissal of each claim under section 415.16, plaintiff bore the burden of demonstrating a probability that she would prevail on the particular claim." (*Id.* at p. 713.) Thus, the statute allows the defendant the opportunity to have the protected claim stricken if the plaintiff is unable to demonstrate "both that the claim is legally sufficient and that there is sufficient evidence to establish a prima facie case with respect to the claim." (*Id.* at p. 714.) In *Wallace v. McCubbin*, the court read *Taus* to hold that "in response to an anti-SLAPP motion brought as to an entire complaint containing several causes of action, a *part* of a cause of action could be struck because the plaintiff failed to establish a probability of prevailing *as to that particular part*." (*Wallace v. McCubbin, supra*, 196 Cal.App.4th at p. 1209.)

But some courts have read a statement by the Supreme Court in a later case, *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820 [124 Cal.Rptr.3d 256, 250 P.3d 1115] (*Oasis*), to implicitly repudiate this aspect of the *Taus* decision. In *Oasis*, the Supreme Court quoted a statement in *Mann*, that " 'once a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff *has established* that its cause of action has some merit and the entire cause of action stands.' " (51 Cal.4th at p. 820; see *Burrill v. Nair*, *supra*, 217 Cal.App.4th at p. 380.) Since *Mann* was a mixed cause of action case, the *Wallace* court (and other cases) read this as inconsistent with *Taus*. Neither *Taus* nor *Oasis* is a mixed cause of action case.

We do not read the statement in *Oasis* so broadly. Instead, the guiding principle in applying the anti-SLAPP statute to a mixed cause of action case is that "a plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one 'cause of action.' " (*Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 308 [106 Cal.Rptr.2d 906].) This statement has been repeatedly reiterated in later decisions on the issue. (See, e.g., *Haight Ashbury Free Clinics, Inc. v. Happening Home Ventures*, *supra*, 184 Cal.App.4th at p. 1551; *Comstock v. Aber* (2012) 212 Cal.App.4th 931, 946 [151 Cal.Rptr.3d 589].)

It would make little sense if the anti-SLAPP law could be defeated by a pleading, such as the one in this case, in which several claims are combined into a single cause of action, some alleging protected activity and some not. Striking the entire cause of action would plainly be inconsistent with the purposes of the statute. Striking the claims that invoke protected activity but allowing those alleging nonprotected activity to remain would defeat none of them. Doing so also is consonant with the historic effect of a motion to strike: "to reach certain kinds of defects in a pleading that are not subject to demurrer." (See 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1008, p. 420.)

That is what the trial court did in this case. Its ruling makes sense, and renders justice to both sides. We believe it was correct.

IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 521.

## DISPOSITION

We affirm the judgment of the court. Each side shall bear its own costs on appeal.

Willhite, J., and Manella, J., concurred.