Filed 10/30/20  BLT Communications, LLC v. LaMarche CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| BLT COMMUNICATIONS, LLC, | B302527 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19GDCV00245) |
| v. | |
| JULIANNE LAMARCHE, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ralph C. Hofer, Judge.  Affirmed as modified.

Alpert, Barr & Grant, Adam D.H. Grant, Alexander S. Kasendorf, Ryan T. Koczara; Law Offices of Jeffrey A. Slott and Jeffrey A. Slott for Plaintiff and Appellant.

Law Offices of Collin Seals and Collin Seals for Defendants and Respondents.

———————————

Plaintiff BLT Communications, LLC (BLT) appeals the trial court's grant of the special motion to strike under section 425.16 of the Code of Civil Procedure (anti-SLAPP) filed by defendants Julianne LaMarche and Richard Sankey. We have jurisdiction under Code of Civil Procedure[1] sections 425.16, subdivision (i), and 904.1. We affirm as modified.

## BACKGROUND

In its first amended complaint (FAC), BLT alleges that it "is the largest entertainment marketing and media company in the world." LaMarche and Sankey were employed by BLT from 2012 until April 5, 2018, when BLT states that it terminated them for cause.[2] BLT alleges various categories of wrongdoing by LaMarche and Sankey, most of which do not concern us on this appeal. In the "Common Allegations" section of the FAC, BLT alleges: "From in or about January 2017 through April 5, 2018, [LaMarche and Sankey] absconded with dozens of documents belonging to BLT including financial records, BLT's confidential books and records relating to its business operations, client lists, employee information and other information relating to the operation of the business of BLT, including the operation of the department in BLT known as BLT+. Such documents are the sole and exclusive property of BLT and [LaMarche and Sankey] had no authorization, consent, or right to remove them from

---

[1] Unless otherwise specified, all statutory references herein are to the Code of Civil Procedure.

[2] LaMarche and Sankey filed wrongful termination claims against BLT concerning their discharge in a separate action. Their action was deemed related and then consolidated with the BLT action for all purposes.

BLT's premises. The removal of such documents from the premises of BLT without returning them after April 5, 2018, is a breach of Exhibit '1' attached hereto." Exhibit 1, in turn, is composed of two "Employee Confidentiality, Non-Disclosure and Computer Software Security Agreement" forms bearing the respective signatures of LaMarche and Sankey.

In the alleged fourth cause of action of the FAC, BLT incorporates the above paragraph 24, then alleges in paragraph 45: "From on or about January 1, 2016 through April 5, 2018, [LaMarche and Sankey], and each of them, breached the aforesaid written agreements attached hereto Exhibit '1' in the following particulars: [¶] a. By filing a [c]omplaint in the Superior Court of the State of California for the County of Los Angeles as Case Number 19STCV08061 on or about March 7, 2019. Included in the [c]omplaint filed in the aforesaid legal proceeding, [LaMarche and Sankey], and each of them, made specific reference to and disclosed to the general public certain [c]onfidential [i]nformation and [t]rade [s]ecrets specifically referred to in Exhibit '1' and which said [d]efendants were obligated thereby to keep confidential. The [c]omplaint filed in the aforesaid legal proceeding was not filed under seal and therefore all of the [c]onfidential [i]nformation and aforesaid [t]rade [s]ecrets have been publicly disclosed and disseminated in breach of Exhibit '1' including but not limited to BLT's internal procedures and policies, financial documents, legal claims, marketing and development plans and related information; and [¶] b. [LaMarche and Sankey], and each of them, have failed and refused to turn over, deliver and relinquish to BLT all originals, duplicates and copies of all tangible [c]onfidential [i]nformation under the control of said [d]efendants who absconded with same

3

prior to termination of their employment on April 5, 2018; and [¶] c. [LaMarche and Sankey], and each of them, have failed to hold in confidence and keep confidential, without publication, disclosure or dissemination [of] the aforesaid confidential information belonging to BLT; and [¶] d. [LaMarche and Sankey], and each of them, removed the aforesaid confidential information from the premises of BLT without the express written authorization and consent of an officer of BLT outside the ordinary and authorized course of the business of BLT." BLT also alleged a fifth cause of action for "Breach of the Implied Covenant of Good Faith and Fair Dealing."

On July 26, 2019, LaMarche and Sankey filed a special motion to strike under section 425.16 addressed to the fourth and fifth alleged causes of action in BLT's FAC. BLT opposed the motion on August 19, 2019. LaMarche and Sankey filed a reply brief on August 23, 2019.

The motion was heard on August 30, 2019. The trial court granted the motion as to the alleged fourth cause of action in the FAC, but denied it as to the alleged fifth cause of action. The trial court struck the entire alleged fourth cause of action, and awarded $8,737.50 in fees to LaMarche and Sankey as prevailing moving parties, against a request for $14,275 in fees. This appeal followed.[3]

---

[3] LaMarche and Sankey have not cross-appealed the trial court's denial of their motion as to the alleged fifth cause of action. Accordingly, the remainder of this opinion will address only the alleged fourth cause of action for breach of contract.

4

# DISCUSSION

BLT's principal contention on appeal is that the trial court's order striking the entire alleged fourth cause of action was overbroad, because even granting that the claim based on the filing of a lawsuit by LaMarche and Sankey implicated protected activity, the remainder of BLT's claims in this cause of action did not involve protected activity under the anti-SLAPP statute. Accordingly, the trial court should have been more selective in determining what should be stricken.

## A. Applicable Law

The requirements for anti-SLAPP motions under section 425.16 are familiar. Section 425.16 provides, inter alia, that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (*Id.*, subd. (b)(1).) An "act . . . in furtherance of [a] person's right of petition or free speech . . . in connection with a public issue" is defined in section 425.16 to include, in relevant part: "any . . . conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (*Id.*, subd. (e)(4).)

The Legislature enacted section 425.16 to prevent and deter "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) Thus, the purpose of the anti-SLAPP law is "not [to] insulate defendants from *any*

liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).)

When a party moves to strike a cause of action under the anti-SLAPP law, a trial court evaluates the special motion to strike using a two-prong test: (1) has the moving party "made a threshold showing that the challenged cause of action arises from protected activity" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056) and, if so, (2) has the non-moving party demonstrated that the challenged cause of action has " 'minimal merit' " by making "a prima facie factual showing sufficient to sustain" a judgment in its favor. (*Baral, supra*, 1 Cal.5th at p. 385; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 93-94; see § 425.16, subd. (b)(1).) After the first prong is satisfied by the *moving* party, the burden shifts to the *non-moving* party "to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." (*Baral, supra*, at p. 396.)

## B.    Standard of Review

We review a trial court's ruling on a special motion to strike pursuant to section 425.16 under the de novo standard. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788; *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.) "In other words, we employ the same two-pronged procedure as the trial court in determining whether the anti-SLAPP motion was properly granted." (*Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1652.)

As does the trial court, we "consider the pleadings, and supporting and opposing affidavits stating the facts upon which

6

the liability or defense is based." (§ 425.16, subd. (b)(2).)  In considering the pleadings and declarations, we do not make credibility determinations or compare the weight of the evidence; instead, we accept the opposing party's evidence as true and evaluate the moving party's evidence only to determine if it has defeated the opposing party's evidence as a matter of law. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

## C.    Prong 1:  Arising from Protected Activity

LaMarche and Sankey's initial burden is to show that the alleged fourth cause of action in BLT's complaint arises from protected activity on their part.  (*Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at p. 1061.)  In this case the showing of protected activity is self-evident, as BLT alleges in paragraph 45 of the FAC that LaMarche and Sankey "breached the aforesaid written agreements attached hereto Exhibit '1' in the following particulars:  [¶] a. By filing a [c]omplaint in the Superior Court of the State of California for the County of Los Angeles as Case Number 19STCV08061 on or about March 7, 2019. . . ."  A number of other allegations in this paragraph and in incorporated paragraph 24 allege breach of contract involving non-protected activity.  However, we agree with the trial court that LaMarche and Sankey satisfied the first prong of analysis under section 425.16, because the filing and prosecution of a civil action is recognized as a protected act under section 425.16.  (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1056.)

## D.    Prong 2:  Probability of Prevailing on the Merits

Satisfying the first prong shifts to the opposing party (BLT) the burden of demonstrating merit in its alleged cause(s) of

7

action under the second prong. (*Baral*, *supra*, 1 Cal.5th at p. 396.)

The second prong of the anti-SLAPP analysis requires BLT to show a probability of prevailing on its alleged fourth cause of action. The court ruling on such a motion does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether BLT has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment if the submitted evidence is credited. The court accepts BLT's evidence as true and evaluates LaMarche and Sankey's showing only to determine if it defeats BLT's claim as a matter of law. (*Baral*, *supra*, 1 Cal.5th at pp. 384-385; *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.) "[A]t the second stage of an anti-SLAPP hearing, the court may consider affidavits, declarations, and their equivalents if it is reasonably possible the proffered evidence set out in those statements will be admissible at trial." (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 949.) Such a showing "must be based on admissible evidence." (*Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles* (2004) 117 Cal.App.4th 1138, 1147.) "[C]laims with the requisite minimal merit may proceed." (*Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 94.)

In this case, the showing made by BLT under the second prong consisted only of a declaration from BLT counsel[4] and

---

[4] As the trial court noted, "[t]he declaration of counsel here with respect to matters such as contract formation and plaintiff's performance are not matters of which counsel would have personal knowledge, and none is established; in fact, counsel cites to the FAC."

references to the allegations of the unverified FAC, neither of which constitute admissible evidence. We agree with the trial court that this represented at best a "weak showing" that "fails to establish by admissible evidence any probability of prevailing on the cause of action." We further agree with the trial court's conclusion that "the motion to strike should be granted." However, as discussed next, we part company with the trial court as to the manner in which the motion to strike should be granted.

E. **Disposition Where Cause of Action Involves Both Protected and Unprotected Activity**

Since the enactment of section 425.16, courts have struggled with vexing questions arising when a special motion to strike is addressed to a cause of action that contains allegations of both protected and nonprotected activity. A sound guiding principle is that "a plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one 'cause of action.'" (*Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 308, fn. omitted.) But that leaves unresolved the question of how a cause of action that is based on allegations of both protected and nonprotected conduct, thereby presumptively satisfying prong one, should be treated in the following steps of anti-SLAPP analysis.

In the present case, we have allegations of breach of contract based on nonprotected activity, namely, the alleged misappropriation of confidential information belonging to BLT in violation of the written agreements attached as Exhibit 1 to the complaint. We also have allegations that the defendants breached their contracts by revealing confidential information in a lawsuit they filed, the filing of which constitutes protected

9

activity under prong one of the anti-SLAPP statute.  The question is, what becomes of the cause of action that contains both elements?

We believe that this question was answered authoritatively, at least for a situation as clear-cut as the one before us in this appeal, by the California Supreme Court's decision in *Baral*.  The *Baral* court summarized the issue as follows:  "California's anti-SLAPP statute provides that '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike, unless the court determines . . . there is a probability that the plaintiff will prevail on the claim.'  (Code Civ. Proc., § 425.16, subd. (b)(1).)  This case raises a question that has perplexed the Courts of Appeal:  How does the special motion to strike operate against a so-called 'mixed cause of action' that combines allegations of activity protected by the statute with allegations of unprotected activity?  [¶]  The difficulty arises from the statute's use of the term 'cause of action,' which has various meanings.  It may refer to distinct claims for relief as pleaded in a complaint.  These are usually set out as 'first cause of action,' 'second cause of action,' and so forth.  But the term may also refer generally to a legal claim possessed by an injured person, without reference to any pleading.  A person may have a cause of action for defamation or breach of contract even if no suit has been filed. . . .

"Typically, a pleaded cause of action states a legal ground for recovery supported by specific allegations of conduct by the defendant on which the plaintiff relies to establish a right to relief.  If the supporting allegations include conduct furthering the defendant's exercise of the constitutional rights of free speech

10

or petition, the pleaded cause of action 'aris[es] from' protected activity, at least in part, and is subject to the special motion to strike authorized by section 425.16[, subdivision ](b)(1). Some courts, including the Court of Appeal in this case, have held that the motion lies *only* to strike an entire count as pleaded in the complaint. However, this rule leads to anomalous results when the count is supported by allegations of unprotected activity as well as protected activity. [¶] Viewing the term in its statutory context, we conclude that the Legislature used 'cause of action' in a particular way in section 425.16[, subdivision ](b)(1), targeting only claims that are based on the conduct protected by the statute. Section 425.16 is not concerned with how a complaint is framed, or how the primary right theory might define a cause of action. While an anti-SLAPP motion may challenge any claim for relief founded on allegations of protected activity, it does not reach claims based on unprotected activity.

"It follows that 'mixed cause of action,' the term frequently used to designate a count alleging both protected and unprotected activity, is not strictly accurate. Section 425.16[, subdivision ](b)(1) applies only to 'causes of action' that arise from allegations of protected speech or petitioning. However, 'mixed cause of action' is a term in common usage, and we sometimes employ it for its customary purpose. We also sometimes use 'cause of action' in its ordinary sense, to mean a count as pleaded. To avoid confusion, we refer to the proper subject of a special motion to strike as a 'claim,' a term that also appears in section 425.16[, subdivision ](b)(1). [¶] The Court of Appeal . . . held that an anti-SLAPP motion must be brought against a mixed cause of action in its entirety. It affirmed the denial of defendant's motion because plaintiff established a probability of succeeding on claims

11

based on allegations of activity not protected by section 425.16. This application of the anti-SLAPP statute unduly limits the relief contemplated by the Legislature." (*Baral*, *supra*, 1 Cal.5th at pp. 381-382, fns. omitted.)

In *Baral*, the court was faced with the flip side of the situation in the present case. The plaintiff in *Baral* had alleged various claims against the defendant, some of which were deemed to be protected conduct under prong one of the anti-SLAPP statute. The plaintiff responded with a showing of merit under prong two that demonstrated a sufficient probability of success with respect to the nonprotected conduct. This court held that this showing of merit compelled the denial of the anti-SLAPP motion, because at least some part of the challenged causes of action had sufficient merit.

The California Supreme Court rejected this result. After an extensive review of the Court of Appeal cases that had wrestled with anti-SLAPP motions in the "mixed" (protected and nonprotected) context, the court concluded: "The anti-SLAPP procedures are designed to shield a defendant's constitutionally protected *conduct* from the undue burden of frivolous litigation. It follows, then, that courts may rule on plaintiffs' specific claims of protected activity, rather than reward artful pleading by ignoring such claims if they are mixed with assertions of unprotected activity." (*Baral*, *supra*, 1 Cal.5th at p. 393.)

The *Baral* court quoted with approval the following observations from *Cho v. Chang* (2013) 219 Cal.App.4th 521, 527: " 'It would make little sense if the anti-SLAPP law could be defeated by a pleading, such as the one in this case, in which several claims are combined into a single cause of action, [with some claims] alleging protected activity and some not. Striking

12

the entire cause of action would plainly be inconsistent with the purposes of the statute. Striking the claims that invoke protected activity but allowing those alleging nonprotected activity to remain would defeat none of them. Doing so also is consonant with the historic effect of a motion to strike: "to reach certain kinds of defects in a pleading that are not subject to demurrer." (See 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1008, p. 420.)' " (*Baral, supra*, 1 Cal.5th at p. 388.)

The *Baral* court declared: "[I]t is not the general rule that a plaintiff may defeat an anti-SLAPP motion by establishing a probability of prevailing on *any part* of a pleaded cause of action. Rather, the plaintiff must make the requisite showing as to each challenged claim that is based on allegations of protected activity. How the plaintiff does that will vary from case to case, depending on the nature of the complaint and the thrust of the motion. But when the defendant seeks to strike particular claims supported by allegations of protected activity that appear alongside other claims within a single cause of action, the motion cannot be defeated by showing a likelihood of success on the claims arising from unprotected activity." (*Baral, supra*, 1 Cal.5th at p. 392.)

Most significantly for our purposes in this appeal, the *Baral* court held that "the Legislature's choice of the term 'motion to strike' reflects the understanding that an anti-SLAPP motion, like a conventional motion to strike, *may be used to attack parts of a count* as pleaded." (*Baral, supra*, 1 Cal.5th at p. 393, italics added.) Accordingly, as the court summarized its holdings, "If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally

sufficient and factually substantiated. The court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment. If not, *the claim is stricken. Allegations of protected activity supporting the stricken claim are eliminated from the complaint*, unless they also support a distinct claim on which the plaintiff has shown a probability of prevailing." (*Baral*, *supra*, at p. 396, italics added.)

We conclude from *Baral* that the trial court in this instance cut too broad a swath through BLT's complaint by striking the entire fourth cause of action. The allegations of protected activity in paragraph 45, subparagraph (a), were discrete and easily identified as such. The remainder of the alleged fourth cause of action did not depend on the presence of these allegations. Accordingly, BLT was not required, at this early stage, to demonstrate merit in its claims involving nonprotected activity. *Baral* counsels that the trial court, in granting the anti-SLAPP motion, should have stricken the allegations of protected activity, but allowed the remaining allegations, involving nonprotected activity to stand.[5] Thus we affirm the granting of the anti-

---

[5] We distinguish the situation in the instant case from the situations present in such cases as *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95 and *Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, where the distinction between protected and nonprotected allegations was far less clear-cut than here and, accordingly, we analyzed the "gravamen" or "principal thrust" of each cause of action to determine whether the cause of action should be stricken. In *Okorie*, we were faced with the moving parties' failure to identify any particular allegation describing protected conduct; instead, we had to analyze a general request to strike

14

SLAPP motion but will direct that a modified order striking only the allegations of protected activity should be entered.

## F.     Attorneys' Fees

Section 425.16, subdivision (c)(1), provides in pertinent part that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Here, the trial court awarded to LaMarche and Sankey fees and costs of $8,737.50, an amount less than the $14,275 requested. BLT asserts that we should direct the trial court to reevaluate this

---

the entire complaint based on " 'the gravamen of the complaint.' " (*Okorie, supra,* at p. 589.) It is this context in which we observed, "*Baral* did not say that a special motion to strike must *always* be limited to challenges *within* a pleaded count." (*Ibid.*, italics added.) Such an approach would present difficult challenges, we further observed, "where the plaintiff's protected and unprotected claims . . . are not well delineated and are even enmeshed one within another." (*Ibid.*) In *Optional Capital,* the moving defendants were law firms and all of the alleged conduct was covered by the litigation privilege. (*Optional Capital, supra,* at pp. 144-115.)

Here, unlike in *Okorie* and *Optional Capital,* the allegations of protected activity are well delineated. LaMarche and Sankey based their motion on one subparagraph in paragraph 45, which allegation can readily be distinguished from other allegations in the FAC. In this circumstance, the approach endorsed by *Baral*, which reaches specific allegations of protected activity without sweeping in allegations of unprotected activity, is more faithful to the stated purpose of the anti-SLAPP statute to deter litigation brought "primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition." (§ 425.16, subd. (a).)

award of attorneys' fees and costs to the extent that any part of the alleged fourth cause of action is restored on appeal.

We review an order on a request for attorney fees under section 425.16 for abuse of discretion. (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450.) "A ruling amounts to an abuse of discretion when it exceeds the bounds of reason, and the burden is on the party complaining to establish that discretion was abused." (*Ibid*.)

In this case, LaMarche and Sankey remain the prevailing parties on the special motion to strike, and we see no ground to disturb the trial court's award of fees and costs.

## DISPOSITION

The order of August 30, 2019, granting the special motion to strike, is modified to strike from the first amended complaint the allegations appearing on page 26, lines 11 to 26, referring to the filing of a civil complaint by LaMarche and Sankey, but otherwise leaving the remaining allegations of the alleged fourth cause of action intact. As so modified, the order is affirmed. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED


SINANIAN, J.*


We concur:


ROTHSCHILD, P. J.        CHANEY, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16