Filed 11/5/15  Mobilitie v. Lodder CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MOBILITIE LLC,<br><br>    Plaintiff, Cross-defendant, and Appellant,<br><br>        v.<br><br>DOUGLAS M. LODDER,<br><br>    Defendant, Cross-complainant, and Respondent. | G050812<br><br>(Super. Ct. No. 30-2014-00702067)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Aaron W. Heisler, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded with directions.

Rutan & Tucker, Milford W. Dahl, Jr., and Allina M. Hightower for Plaintiff, Cross-defendant, and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Vince M. Verde, Albert C. Nicholson, and Seth E. Ort for Defendant, Cross-complainant, and Respondent.

Mobilitie LLC, appeals from the order granting in part and denying in part its special motion to strike (anti-SLAPP motion),[1] a cross-complaint filed by its former employee, Douglas M. Lodder.  The trial court granted the anti-SLAPP motion as to only one of the cross-complaint's 10 causes of action, concluding it arose from both protected and nonprotected activity and Lodder had not demonstrated a probability of prevailing as to any part of the cause of action.  But rather than striking the cause of action, the court struck the allegations of protected activity permitting the cause of action to go forward as to the nonprotected conduct.  Mobilitie contends this was error, and we agree.  We reverse the order and remand the matter to the trial court with directions to grant the anti-SLAPP motion as to that cause of action and to strike the cause of action from the cross-complaint.

Mobilitie also contends the court erred by denying the anti-SLAPP motion as to two other causes of action, which it also found arose from protected and nonprotected activity, but as to which Lodder had demonstrated a probability of prevailing.  We conclude the trial court properly denied the anti-SLAPP motion as to those causes of action.

FACTS & PROCEDURE

*Mobilitie's Complaint*

Mobilitie is a wireless communications company that designs, finances, and installs cellular towers and antenna systems throughout the United States.  In 2007, Mobilitie hired Lodder as an "acquisition associate."  During his employment with Mobilitie, Lodder acknowledged receipt of Mobilitie's employee handbook, which contained provisions regarding maintaining the confidentiality of Mobilitie's proprietary

---

[1] Code of Civil Procedure section 425.16 (all further statutory references are to the Code of Civil Procedure, unless otherwise indicated), authorizes a special motion to strike a Strategic Lawsuit Against Public Participation (SLAPP) action, and is referred to as the anti-SLAPP statute.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85, fn. 1.)

2

information and avoiding conflicts of interest.  In 2009, Lodder signed an employee confidentiality agreement by which he agreed as relevant here:  to maintain the confidentiality of Mobilitie's proprietary information; if during his employment Lodder became aware of business opportunities pertaining to Mobilitie's business, he would make those opportunities available to Mobilitie only; on separation from employment, Lodder would not use or disclose any of Mobilitie's proprietary information so as to unfairly compete with Mobilitie; and during employment, Lodder would not remove any of Mobilitie's confidential materials from the premises except as required for his employment with Mobilitie.  In July 2012, Lodder resigned from Mobilitie and went to work for a competitor, Boingo Wireless (Boingo).

In January 2014, Mobilitie filed a complaint against Lodder alleging Lodder had begun communicating with Boingo while still employed by Mobilitie and used Mobilitie's resources and confidential information to gain employment with Boingo. The complaint alleged that after becoming employed by Boingo, Lodder continued to use Mobilitie's confidential business information to unfairly compete with Mobilitie. The complaint alleged causes of action for breach of contract, i.e., the employment agreement and the confidentiality agreement (hereafter referred to as the confidentiality agreements); intentional interference with advantageous business relationships; breach of fiduciary duty and duty of loyalty (Lab. Code, § 2860); and violation of the California Uniform Trade Secrets Act (Civ. Code, § 3426 et seq.).

*Lodder's Cross-Complaint*

In April 2014, Lodder filed the cross-complaint against Mobilitie that is the subject of Mobilitie's anti-SLAPP motion.  The general allegations of the cross-complaint pertained primarily to a claimed unfulfilled promise Lodder would be given equity in Mobilitie.

3

Lodder alleged that when he was being hired by Mobilitie in 2007, there were discussions about his receiving "equity in the company" and Lodder was told a stock compensation plan was in development.

In 2010, when Mobilitie was undergoing financial restructuring because its equity partner wanted to cash out, Lodder was told he would be "'taken care of.'" Mobilitie's chief executive officer, Gary Jabara, and its president, Christos Karmis, told Lodder he would be included in Mobilitie's equity program, inducing Lodder to spend "countless hours" assisting on deals involving the potential new investors.

In 2011, Mobilitie decided to abandon its search for a new investment partner and decided to fund the buyout of its current investors through an asset sale. Jabara continued to assure Lodder he would be awarded equity in the company and he could expect an equity award of one percent of the management payout from the sale. As a result of those promises, Lodder agreed to forgo other lucrative job opportunities.

Ultimately a deal was reached for Mobilitie to be acquired by SBA Communications for $1 billion. The deal closed in April 2012, and of the $150 million management payout, Lodder expected to receive $1.5 million (hereafter the "equity payout" or "equity award"). After the SBA acquisition closed, Lodder approached Jabara about his equity payout from the deal and for the first time was told he would have to "earn it" by meeting performance targets over the next 12 months. When Lodder asked Karmis, Karmis acknowledged the repeated promises of an equity payout had been made to Lodder, but he told Lodder that Jabara was probably not going to honor them. When it became clear to Lodder that Mobilitie was not going to honor the promises of an equity award, he began to look for employment elsewhere. In July 2012, Lodder resigned from Mobilitie.

Although most of the general allegations (paragraphs 6 through 25 summarized above) were about the equity payout promises, the cross-complaint also contained allegations about Mobilitie's attempts to enforce the confidentiality

4

agreements.  Paragraph 26 alleged, in part, that at the time Lodder resigned from Mobilitie, "Jabara told him that he would be sued for stealing intellectual property." Paragraph 28 alleged, "Upon information and belief, [Mobilitie has] used its significant financial power to intimidate and bully former employees from working for competitors. In fact, this is a pattern and practice by [Mobilitie] to bring lawsuits like the one that was filed against Lodder and against other former employees like Patricia Tant and Janet Gill to enforce restrictive covenants that violate California law."  Paragraph 29 alleged, "Upon information and belief, [Mobilitie has] used the lawsuit filed against Lodder in an effort to place a restrictive covenant on him because he is now working for [a] competitor of [Mobilitie]."

The first seven causes of action of the cross-complaint incorporated by reference all prior paragraphs and restated allegations about the promise of an equity award to Lodder after the sale of Mobilitie's assets in exchange for Lodder foregoing other employment opportunities, and Mobilitie's refusal to make an equity award after the company's sale.  Based on those allegations, the cross-complaint's first seven causes of action were for various contract, fraud, and negligence claims.

The cross-complaint's eighth cause of action was for violation of Business and Professions Code section 16600, which renders void noncompetition agreements except in certain circumstances.  The Business and Professions Code section 16600 cause of action contained four paragraphs.  Paragraph 67 incorporated by reference all preceding paragraphs of the cross-complaint.  Paragraph 68 alleged in full:  "[Mobilitie's] complaint filed against Lodder purports to broadly restrain Lodder from soliciting any client, or bona fide prospective client of [Mobilitie] by trying to enforce an employment agreement and confidentiality agreement against Lodder.  [Mobilitie's] enforcement of the confidentiality agreement through its complaint violates [Business and Professions Code section] 16600 which prohibits contracts which restrain one from engaging in a lawful profession, trade, or business of any kind."  Paragraph 69 alleged in full:  "Lodder

5

alleges that [Mobilitie] purportedly [is] using the complaint it filed against Lodder as a way to intimidate and enforce a restrictive covenant against Lodder in violation of [Business and Professions Code section] 16600." Paragraph 70 alleged Lodder had been injured by Mobilitie's acts in an amount he would prove at trial.

The cross-complaint's ninth cause of action was for violation of the California Unfair Competition Law (UCL). (Bus. & Prof. Code, § 17200 et seq.) The UCL cause of action contained five paragraphs. The first (Paragraph 71) incorporated by reference all preceding paragraphs of the cross-complaint. The remaining four alleged in full: "72. [Mobilitie has] engaged in unfair and unlawful business practices by the acts alleged herein. [¶] 73. [Mobilitie's] acts will cause or have caused and, unless restrained preliminarily and permanently by this [c]ourt, will continue to cause Lodder and the public to suffer great and irreparable damage and injury. Lodder has no adequate remedy at law. [¶] 74. As a direct and proximate result of [Mobilitie's] acts as alleged herein, Lodder [has been damaged]. [¶] 75. As a direct and proximate result of [Mobilitie's] acts as alleged herein, Lodder is entitled to and does seek restitution, and other appropriate relief available under [Business and Professional Code section] 17203."

The cross-complaint's 10th cause of action was for declaratory relief, based on allegations of an agreement between Mobilitie and Lodder for an equity award and other compensation if he did not pursue other employment opportunities. In addition to seeking a declaratory judgment as to the "equity award" contract and Mobilitie's failure to perform, Lodder sought a declaration Mobilitie had violated Business and Professions Code sections 16600 and 17200.

*Mobilitie's Anti-SLAPP Motion*

Mobilitie's answer to the cross-complaint raised numerous affirmative defenses including the litigation privilege, Civil Code section 47, and Mobilitie filed an anti-SLAPP motion seeking to strike the entire cross-complaint. It asserted *all* the cross-complaint's causes of action arose from its protected activity of filing its complaint

6

against Lodder, and Lodder could not show a probability of prevailing on any causes of action. The litigation privilege was not mentioned in Mobilitie's moving papers. In its reply papers, Mobilitie argued the Business and Professions Code section 16600 cause of action was barred by the litigation privilege because it was based on filing the complaint.

*Lodder's Opposition*

As for the "arising out of" prong of the anti-SLAPP analysis, Lodder's opposition disputed any of his causes of action arose from protected activity. He argued the basis for all but the Business and Professions Code section 16600 cause of action was Mobilitie's breach of the agreement to provide him with an equity award upon sale of the company.[2] Lodder argued the Business and Professions Code section 16600 cause of action did not arise out of protected activity because it was based on Mobilitie's "attempts to place a restrictive covenant on Lodder through its attempts to enforce the confidentiality agreements Lodder signed while employed with Mobilitie and prior to Mobilitie filing the lawsuit."

As for the "probability of prevailing" prong of the anti-SLAPP analysis, Lodder asserted he could prevail on his Business and Professions Code section 16600 cause of action because the confidentiality agreements were being used by Mobilitie to restrain him from "engaging in his lawful profession through cease and desist letters and threats to be sued if he did not stop engaging in his lawful profession after leaving Mobilitie." He asserted he could prevail on his UCL causes of action based on evidence Mobilitie engaged in the unfair practice of "deceitfully and fraudulently breaching Lodder's contract in order to keep him from finding employment elsewhere." And he asserted he could prevail on his declaratory relief causes of action based on evidence Mobilitie breached its promise to pay him an equity award upon sale of the company.

---

[2] Because Mobilitie does not challenge denial of the anti-SLAPP motion as to the first seven causes of action, we will not further discuss the opposition as it relates to them.

7

The only evidence Lodder cited as demonstrating a probability of prevailing on the Business and Professions Code section 16600, UCL, and declaratory relief causes of action was reference to the allegations of the cross-complaint and to four paragraphs of his declaration. Paragraphs 19, 24, and 26 of Lodder's declaration pertained to Mobilitie's refusal to pay Lodder an equity share in the company. Paragraph 25 of Lodder's declaration stated in full: "Mobilitie has used its significant financial power to intimidate and bully me and other former employees from working for competitors. Mobilitie has attempted to enforce confidentiality agreements signed by me while employed with Mobilitie through the use of threats and cease and desist letters sent to me and my new employer after I resigned from my position with Mobilitie. I believe such attempts were done in an effort to restrict me from working for a competitor."

*Ruling*

The trial court granted Mobilitie's anti-SLAPP motion in part by striking the cross-complaint's allegations implicating protected litigation activity, and otherwise denied the anti-SLAPP motion, allowing all 10 causes of action to proceed.

In a detailed minute order, the trial court explained the first through seventh causes of action did not arise from any protected activity and were not subject to an anti-SLAPP motion, a conclusion Mobilitie does not challenge on appeal. The court referenced paragraph's 28 and 29 of the cross-complaint's general allegations that Mobilitie had a pattern and practice of bringing lawsuits like the one filed against Lodder to enforce illegal restrictive covenants and that Mobilitie filed the lawsuit against Lodder to place a restrictive covenant upon him. But the court concluded merely incorporating those allegations by reference into causes of action that were otherwise premised on alleged breaches of the equity payout promises did not mean those causes of action arose from protected activity.

The court concluded Lodder's illegal noncompetition agreement, UCL, and declaratory relief causes of action were mixed causes of action arising partly from

8

protected activity. The Business and Professions Code section 16600 cause of action incorporated paragraphs 28 and 29 of the cross-complaint's general allegations. But it also contained express allegations in paragraph 68 and paragraph 69 that Mobilitie's complaint was filed to restrain Lodder from soliciting clients and to enforce an employment agreement and confidentiality agreement. It also alleged Mobilitie was using the complaint it filed against Lodder to intimidate him and enforce an illegal restrictive covenant. The cross-complaint's UCL cause of action was mixed because by incorporating all prior paragraphs, it necessarily included Mobilitie's filing its complaint against Lodder as part of the claimed unfair business practices. And the cross-complaint's declaratory relief cause of action was mixed because it sought declaratory relief as to the illegal noncompetition agreement and UCL causes of action.

The court's order then addressed whether Lodder had met his burden to demonstrate a probability of prevailing on the three causes of action. The court found Lodder had not met his burden of demonstrating a probability of prevailing on the Business and Professions Code section 16600 cause of action. The cause of action included specific allegations about Mobilitie's filing the complaint against Lodder and "alleged prelitigation conduct." As to prelitigation conduct, the only evidence offered was Lodder's declaration Mobilitie attempted to "intimidate and bully" Lodder and other former employees to prevent them from working for competitors and attempted to enforce confidentiality agreements "through the use of threats and cease and desist letters" sent to Lodder and his new employer. None of the alleged "cease and desist letters" were provided and their contents were not explained. There was no evidence of any specific threats made by Mobilitie or of any effect of the letters and threats on Lodder or his new employer.

The court found Lodder had met his burden of demonstrating a probability of prevailing on his UCL and declaratory relief causes of action. Although those causes of action encompassed the allegations of the Business and Professions Code

9

section 16600 cause of action, they also encompassed allegations pertaining to Mobilitie's failure to make the equity payout to Lodder, on which Lodder had demonstrated a probability of prevailing.

After having found the Business and Professions Code section 16600 cause of action was a mixed cause of action and Lodder had failed to demonstrate a probability of prevailing on that cause of action, the court turned to the appropriate anti-SLAPP "remedy." It concluded that it was not required to strike the cause of action, even though Lodder had not demonstrated a probability of prevailing on any part of the cause of action. Rather, the court concluded it could simply strike the allegations pertaining to protected activity and allow the cause of action to go forward as to the allegations based on nonprotected activity: "Leaving the allegations of nonprotected conduct intact permits Lodder to pursue a potentially valid theory of liability that, if asserted alone, would never have been properly subject to the instant motion."

Accordingly, the court struck the cross-complaint's allegation at paragraph 28 that Mobilitie engaged in "a pattern and practice" of bringing similar lawsuits against former employees. It struck paragraph 29 ("[Mobilitie has] used the lawsuit filed against Lodder in an effort to place a restrictive covenant on him"), in its entirety. And it struck paragraphs 68 and 69 of the Business and Professions Code section 16600 cause of action (the two substantive allegations of that cause of action), in their entirety. It otherwise denied Mobilitie's anti-SLAPP motion. It denied both parties' request for attorney fees and costs without prejudice to either side filing a noticed motion for attorney fees and costs.

DISCUSSION

*General Anti-SLAPP Principles*

Under the anti-SLAPP statute, a cause of action against a person "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a

10

public issue" is subject to a special motion to strike unless the party asserting the claim establishes a probability of prevailing on the merits. (§ 425.16, subd. (b)(1).) As pertinent to this appeal, an act in furtherance of the constitutional right of petition or free speech includes any statement made in a judicial proceeding or in connection with an issue under consideration by a judicial body. (§ 425.16, subds. (b)(1) & (e)(1), (2).) "Thus, statements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest." (*Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35.)

When a party files a special motion to strike, the anti-SLAPP statute requires the court to engage in a two-step process. First, the court determines whether the moving party has made a threshold showing the challenged cause of action arises from protected activity. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) The moving party's burden is to show the act from which the challenged cause of action arises is within the scope of one of the categories listed in section 425.16, subdivision (e). (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).) Second, if the court finds the moving party has made such a showing, it determines whether the nonmoving party has shown a probability of prevailing on the claim, by pleading a legally sufficient claim and supporting it with evidence that, if credited, would be sufficient to sustain a judgment. (*Id.* at pp. 88-89.) In making these determinations, the court considers the pleadings and any affidavits supporting or opposing the motion. (§ 425.16, subd. (b)(2).) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier*, *supra,* 29 Cal.4th at p. 89.) We review an order granting an anti-SLAPP motion de novo. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820 (*Oasis*).) With these

11

principles in mind, we turn to each of the cross-complaint's causes of action Mobilitie challenges on this appeal.

*The Business and Professions Code section 16600 cause of Action*

1. *Arising Out of Prong*

The first step of our de novo review is to determine whether the challenged cause of action "aris[es] from" an act in furtherance of its constitutional right of petition or free speech within the meaning of the anti-SLAPP statute. (§ 425.16, subd. (b)(1).) The statutory phrase "cause of action . . . arising from" means the moving party's act underlying the opposing party's cause of action "must *itself* have been an act in furtherance of the right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 (*Cotati*).) "In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the [moving party's] protected free speech or petitioning activity. [Citations.]" (*Navellier*, *supra*, 29 Cal.4th at p. 89.) "The principal thrust of the claim, in terms of any 'allegedly wrongful and injury-causing conduct . . . that provides the foundation for the claim,' will determine the applicability of the anti-SLAPP statutory scheme. [Citation.]" (*Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 55.)

"'[W]here a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.16 unless the protected conduct is "merely incidental" to the unprotected conduct [citations] . . . .' [Citation.] '[I]t is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAP[P] statute applies.' [Citation.] '"[A] plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one 'cause of action.'" [Citation.] Conversely, a defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant. [Citation.] We conclude it is the *principal thrust* or *gravamen* of the

12

plaintiff's cause of action that determines whether the anti-SLAPP statute applies [citation], and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute.' [Citation.]" (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1369 (*Raining Data*).)

Mobilitie satisfied its burden to show the Business and Professions Code section 16600 cause of action in Lodder's cross-complaint arose from protected petitioning activity. Mobilitie's complaint alleged Lodder misused Mobilitie's resources and confidential business information to gain employment with Boingo and thereafter to unfairly compete with Mobilitie. Mobilitie's complaint alleged causes of action against Lodder for breach of contract seeking to enforce the confidentiality agreements, as well as tort and California Uniform Trade Secrets Act causes of action.

Lodder's cross-complaint encompassed two distinct sets of factual claims. The first set was the subject of the vast majority of the cross-complaint's general allegations pertaining to Mobilitie's failure to honor promises to award Lodder a significant payout from the company's equity upon completion of its sale. Those allegations formed the basis of the cross-complaint's first seven causes of action, which are not at issue on this appeal.

The cross-complaint's second set of factual claims, encompassed by the last four paragraphs of the cross-complaint's general allegations, pertained to Mobilitie's efforts to enforce the confidentiality agreements after Lodder resigned from Mobilitie and went to work for a competitor. The general allegations were that when Lodder resigned, Mobilitie's CEO told Lodder "he would be sued for stealing intellectual property" (paragraph 26); that Mobilitie used "its significant financial power to intimidate and bully former employees from working for competitors" and engaged in "a pattern and practice" of filing similar lawsuits against former employees to enforce illegal noncompetition

13

agreements (paragraph 28); and Mobilitie was using the "lawsuit filed against Lodder in an effort to place a restrictive covenant on him because he is now working for [a] competitor of [Mobilitie]" (paragraph 29).

The cross-complaint's eighth cause of action incorporated the preceding allegations and then specifically alleged Mobilitie filed the complaint to enforce confidentiality agreements that violated Business and Professions Code section 16600,[3] and it was using "the complaint it filed against Lodder as way to intimidate and enforce a restrictive covenant against Lodder in violation of [Business and Professional Code section 16600]." Paragraph 70 alleged Lodder had been injured and was seeking damages against Mobilitie for attempting to enforce the confidentiality agreements. Lodder's declaration, the only evidence he provided concerning the Business and Professions Code section 16600 cause of action, contained one paragraph relating to that cause of action--paragraph 25 which stated in full: "Mobilitie has used its significant financial power to intimidate and bully me and other former employees from working for competitors. Mobilitie has attempted to enforce confidentiality agreements signed by me while employed with Mobilitie through the use of threats and cease and desist letters sent to me and my new employer after I resigned from my position with Mobilitie. I believe such attempts were done in an effort to restrict me from working for a competitor." Lodder's declaration, like his cross-complaint, stated Lodder had suffered damages from Mobilitie's attempts to enforce the confidentiality agreement that he would prove at trial.

Read in totality, and in the context of the cross-complaint, it is apparent the gravamen of the Business and Professions Code section 16600 cause of action was not simply to raise Business and Professions Code section 16600 as a defense to Mobilitie's

---

[3]    Business and Professions Code section 16600 provides, "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

14

attempt to enforce the confidentiality agreements, but to seek damages against Mobilitie for using the litigation process to enforce them.

Lodder argues the Business and Professions Code section 16600 cause of action did not arise from protected petitioning activity at all. He argues any allegations in that cause of action concerning Mobilitie's litigation activities were "merely incidental." He argues the principal thrust of the cause of action was Mobilitie's attempt to "illegally enforce the confidentiality agreements" to prevent him from competing with Mobilitie in violation of Business and Professions Code section 16600. Reference to filing a complaint against Lodder was simply a reference to the evidence that would support the claim Mobilitie was trying to enforce a confidentiality agreement that violated Business and Professions Code section 16600. We reject Lodder's contentions. The gravamen of the allegations of the Business and Professions Code section 16600 cause of action was to seek damages from Mobilitie for using the litigation process to enforce the confidentiality agreements. As such it plainly arises out of protected activity. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929 (*Kajima*) [filing lawsuit an exercise of constitutional right of petition]; see also *A.F. Brown Electrical Contractor, Inc. v. Rhino Electrical Supply, Inc.* (2006) 137 Cal.App.4th 1118, 1125 (*A.F. Brown*) [same].)

Lodder argues that if the Business and Professions Code section 16600 cause of action arose from protected activity, it also encompassed the nonprotected conduct set forth in his cross-complaint's allegation Mobilitie "used its significant financial power to intimidate and bully former employees from working for competitors" and in his declaration Mobilitie made "threats and [sent] cease and desist letters" to Lodder and Boingo after Lodder began working for Boingo. Thus, the Business and Professions Code section 16600 cause of action was a mixed cause of action, which affects his prong two burden. Mobilitie argues the cause of action was not mixed but arose entirely from protected petitioning activity. We need not decide who is correct

15

because assuming the cause of action is properly characterized as a mixed cause of action, as we shall explain Lodder's failure to demonstrate a probability of prevailing on *any* part of the alleged cause of action required it be stricken.

 2. *Probability of Prevailing Prong*

Mobilitie contends Lodder failed to demonstrate a probability of prevailing on the Business and Professions Code section 16600 cause of action. It also contends the trial court erred in parsing that cause of action by striking the allegations of protected conduct so as to allow the cause of action to proceed on allegations of nonprotected conduct, when Lodder failed to demonstrate a probability of prevailing on any aspect of the cause of action. We agree.

We begin with the general principles applicable to the probability of prevailing prong. Once Mobilitie satisfied its burden to demonstrate the Business and Professions Code section 16600 cause of action arose from protected activity, the burden shifted to Lodder to establish, *with admissible evidence*, a "probability" of prevailing on that cause of action. (§ 425.16, subd. (b); *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 355.) It was Lodder's burden to show he "stated and substantiated a legally sufficient claim." (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123.) "Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 (*Wilson*).)

Although Mobilitie argues at great length that in the case of a mixed cause of action, the plaintiff must demonstrate a probability of prevailing on the *protected* activity to survive an anti-SLAPP motion, in *Oasis*, *supra*, 51 Cal.4th at page 820, our Supreme Court quoted with approval the rule established in *Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 106 (*Mann*) that "[i]f the plaintiff 'can show a probability of prevailing on *any part of its claim*, the cause of action is not meritless' and

16

will not be stricken; 'once a plaintiff shows a probability of prevailing on *any part of its claim*, the plaintiff *has established* that its cause of action has some merit and the entire cause of action stands.' [Citation.]" (Second italics added; *Bently Reserve LP v. Papaliolios* (2013) 218 Cal.App.4th 418, 426, 435 fn. 8 ("[w]hen a cause of action states multiple grounds for relief, 'the plaintiff may satisfy its obligation in the second prong by simply showing a probability of prevailing on any' one of those grounds"); see *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1195-1212 [criticizing but following *Mann* based on Supreme Court's citation to *Mann* in *Oasis*.)

We agree with the Mobilitie and the trial court that Lodder failed to demonstrate a probability of prevailing *on any part* of the Business and Professions Code section 16600 cause of action. To satisfy his burden, Lodder had to first demonstrate the cause of action was legally sufficient (*Wilson, supra,* 28 Cal.4th at p. 821), i.e., that he pleaded a *valid* cause of action. (*Anschutz Entertainment Group, Inc. v. Snepp* (2009) 171 Cal.App.4th 598, 642-643. The cause of action sought damages against Mobilitie for attempting to enforce confidentiality agreements that Lodder alleges violate Business and Professions Code section 16600, which renders void any contract that restrains someone from engaging in a lawful profession, trade, or business. Lodder has not demonstrated there is a standalone cause of action for damages for violating Business and Professions Code section 16600. (See e.g., *D'Sa v. Playhut, Inc.* (2000) 85 Cal.App.4th 927, 931, 933 [wrongful termination claim for firing worker for refusing to sign noncompetition agreement].) But, as the trial court noted in its ruling, to the extent there is such an independent cause of action, Lodder did not produce any competent admissible evidence establishing a violation of Business and Professions Code section 16600 or damages.

To prevail, Lodder had to submit competent admissible evidence substantiating each element of the alleged cause of action. (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 568.) The only evidence offered by Lodder in support of the Business and Professions Code

17

section 16600 cause of action was the allegations of his cross-complaint (see *HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212 [party opposing anti-SLAPP motion cannot rely on allegations of pleading but must produce admissible evidence]), and his declaration. Lodder's declaration contained only a single three-sentence paragraph that pertained to the Business and Professions Code section 16600 cause of action stating Mobilitie "used its significant financial power to intimidate and bully me and other former employees from working for competitors. Mobilitie has attempted to enforce confidentiality agreements signed by me while employed with Mobilitie through the use of threats and cease and desist letters sent to me and my new employer after I resigned from my position with Mobilitie. I believe such attempts were done in an effort to restrict me from working for a competitor." Assuming any of these statements were admissible *evidence* and not just unsupported argument and speculation (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26 ["declarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded"]), Lodder's declaration does nothing to substantiate any claims of injury or damage. Although Lodder declared Mobilitie attempted to enforce the confidentiality agreement "through the use of threats and cease and desist letters" there is no indication as to the content of the threats or letters. More importantly, Lodder offered no evidence as to the effect of those threats or letters on Lodder or his new employer. He offered no *evidence* to support his conclusory assertion he was damaged. In his respondent's brief, Lodder asserts he need not establish he was damaged by Mobilitie's acts, but he provides no legal support for this claim. In sum, Lodder's declaration did not demonstrate he had a probability of prevailing on *any part* of his Business and Professions Code section 16600 cause of action.

3. *"Remedy"*

Having concluded Mobilitie satisfied its burden of demonstrating the Business and Professions Code section 16600 cause of action arose from protected

18

activity and was subject to the anti-SLAPP motion, and Lodder failed to demonstrate a probability of prevailing on *any* part of the cause of action, we turn to the remedy the trial court fashioned. Rather than striking the cause of action, the court reasoned it could simply strike the allegations relating to protected activity (i.e., the allegations that pertained to Mobilitie's litigation activity and filing its complaint), and allow the cause of action to go forward based on allegations relating to "nonprotected" activity (i.e., the allegations that Mobilitie "used its significant financial power to intimidate and bully former . . . employees from working for competitors").

We agree with Mobilitie the trial court erred. As a different panel of this court has already held, "The anti-SLAPP statute authorizes the court to strike a cause of action, but unlike motions to strike under section 436, it cannot be used to strike particular allegations within a cause of action." (*A.F. Brown, supra,* 137 Cal.App.4th at p. 1124; compare § 425.16, subd. (b)(1) ["A cause of action against a person . . . shall be subject to a special motion to strike"] and § 436 [authorizing a court to strike "all or any part of any pleading"];)

Lodder's reliance on *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751 (*Colton*), and *Cho v. Chang* (2013) 219 Cal.App.4th 521 (*Cho*), is misplaced. Although these opinions allowed a trial court to strike portions of a cause of action under the anti-SLAPP statute, they are readily distinguishable. Like the present case, *Colton* and *Cho* involved mixed causes of action based on both protected and nonprotected activity. *Colton* and *Cho* struck the portions of the causes of action based on protected activity because plaintiffs failed to establish a probability of prevailing, but allowed parts of the causes of action based on nonprotected activity to remain *because the plaintiffs showed a probability of prevailing* on the nonprotected activity. (*Colton*, *supra*, 206 Cal.App.4th at pp. 772-773; *Cho*, *supra,* 219 Cal.App.4th at pp. 525, 527.) Neither case stands for the proposition that a cause of action subject to an anti-SLAPP motion may go forward when a plaintiff pleading a mixed cause of action fails to show a

19

probability of prevailing on *any part* of his claim.[4]  Because Lodder failed to demonstrate any probability of prevailing on the Business and Professions Code section 16600 cause of action, the trial court should have struck the cause of action.[5]

*UCL and Declaratory Relief Causes of Action*

The trial court denied Mobilitie's anti-SLAPP motion as to the cross-complaint's UCL (9th) and declaratory relief (10th) causes of action.  It concluded both were mixed causes of action arising at least in part from Mobilitie's protected petitioning activity, but also from nonprotected conduct of Mobilitie's failure to provide Lodder with the equity payout to which he alleged he was contractually entitled.  It found Lodder had demonstrated a probability of prevailing on the latter, nonprotected conduct, and thus he had satisfied his burden.  Mobilitie agrees with the trial court's "mixed" cause of action conclusion, and renews its "prong two" argument that Lodder was required to demonstrate a probability of prevailing on allegations implicating protected conduct to survive the anti-SLAPP motion, a point we have already rejected.  (*Oasis*, *supra,* 51 Cal.4th at p. 820; *Mann, supra,* 120 Cal.App.4th at p. 106.)  Lodder contends the anti-SLAPP motion was correctly denied as to these causes of action because neither arose from protected activity.  We agree with Lodder.

The first paragraph of Lodder's UCL cause of action incorporated by reference the preceding paragraphs of the cross-complaint.  The second paragraph alleged

---

[4]  The California Supreme Court has pending before it *Baral v. Schnitt*, review granted May 13, 2015, S225090, which according to its website "presents the following issue:  Does a special motion to strike under . . . section 425.16 authorize a trial court to excise allegations of activity protected under the statute when the cause of action also includes meritorious allegations based on activity that is not protected under the statute?"

[5]  In view of this conclusion, we need not consider whether Mobilitie's affirmative defense of the litigation privilege (Civ. Code, § 47) further prevents Lodder from demonstrating a probability of prevailing on this cause of action.

20

"[Mobilitie has] engaged in unfair and unlawful business practices by '[its] acts alleged herein." The first paragraph of Lodder's declaratory relief cause of action similarly incorporated by reference the preceding paragraphs of the cross-complaint. The second paragraph (paragraph 77) contained allegations of an agreement between Mobilitie and Lodder for an equity award and other compensation if he agreed to forgo other employment opportunities. The third paragraph (paragraph 78) alleged Lodder fulfilled his obligations, but Mobilitie refused to pay the promised equity award. The fourth paragraph (paragraph 79) requested a judgment declaring the existence of the "equity award" contract; Mobilitie's breach of the equity award agreement; Lodder was owed an equity payment of $1.5 million; Lodder was entitled to additional damages and litigation expenses "as provided for in the Agreement" (because "Agreement" is not a defined term anywhere in the cross-complaint, we assume the term refers to the oral agreement for an equity award); and it contained a single reference seeking a declaration that Mobilitie had violated Business and Professions Code sections 16600 and 17200.

In his opposition to the anti-SLAPP motion, Lodder argued the premise of the UCL cause of action was that Mobilitie engaged in the unlawful and unfair practice of deceitfully and fraudulently breaching the equity award agreement to prevent Lodder from finding employment elsewhere, which in turn provided Mobilitie with an unfair advantage over its competition by illegally and unfairly retaining Lodder's services. He similarly argued the declaratory relief cause of action was premised on Mobilitie's promise to pay him an equity award if he would forgo other employment opportunities.

Mobilitie argues that because the UCL and declaratory relief causes of action incorporate by reference the cross-complaint's prior allegations, which include the general allegations and allegations from the Business and Professions Code section 16600 cause of action pertaining to Mobilitie filing its complaint, it was based (at least in part) on Mobilitie's protected petitioning activity. But the mere incorporation by reference of an allegation from one cause of action to another is insufficient to taint the

21

subsequent cause if the gravamen of that cause is unrelated to acts taken in furtherance of the right to petition or free speech. (*Kajima, supra,* 95 Cal.App.4th a pp. 931-932; *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1001 (*ComputerXpress*).) Incorporating allegations into subsequent causes of action is a common pleading practice. (*Kajima*, *supra*, 95 Cal.App.4th at pp. 931-932; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶¶ 6:236-6:238, pp. 6-74 to 6-75.) Subjecting a cause of action to an anti-SLAPP motion because it incorporates a prior allegation of protected conduct, without regard to the nature of the claim advanced in the cause, would unnecessarily expand the anti-SLAPP statute beyond acts taken in furtherance of the right of petition or free speech. (*Kajima*, *supra*, 95 Cal.App.4th at p. 932.) As we have already noted, "it is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies [citation], and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute.'" (*Raining Data*, *supra,* 175 Cal.App.4th at p. 1369.)

We agree with Lodder that to the extent allegations about Mobilitie's filing its complaint were incorporated by reference into the UCL and declaratory relief causes of action, those allegations were only incidental to those causes of action. Lodder's cross-complaint was almost entirely about Mobilitie's alleged promise to Lodder to make an equity award to him upon sale of the company. The first seven causes of action were premised solely on those factual allegations. It was only the Business and Professions Code section 16600 cause of action that was premised on Mobilitie's attempts to enforce the confidentiality agreement. The UCL and declaratory relief causes of action did not arise out of protected activity and thus were not subject to an anti-SLAPP motion. We, therefore, need not decide whether Lodder satisfied his burden to show a probability of prevailing on those causes of action. (See, e.g., *Cotati*, *supra*, 29 Cal.4th at pp. 80-81

22

[declining to decide whether nonmoving party established probability of prevailing when its claim did not arise from protected activity]; see also *Coretronic Corp. v. Cozen O'Connor* (2011) 192 Cal.App.4th 1381, 1388 ["[a]rguments about the merits of the claims are irrelevant to the first step of the anti-SLAPP analysis"].)

*Attorney Fees*

In ruling on Mobilitie's anti-SLAPP motion, the trial court denied both sides' requests for attorney fees and costs *without prejudice* to either party filing a noticed motion. There is no indication that either side filed any such request and no attorney fees order is before us. Nonetheless, both Mobilitie and Lodder argue in passing they are entitled to attorney fees and costs at the trial court level and on appeal; Mobilitie because it prevailed in part on its anti-SLAPP motion; Lodder because Mobilitie prevailed on only one of the 10 causes of action pleaded, the trial court only struck the allegations relating to protected conduct allowing the entire cross-complaint to go forward, and the anti-SLAPP motion was frivolous and brought solely for purposes of delay.

On this appeal, we have agreed with Mobilitie that the trial court erred by merely striking the allegations of protected conduct from the Business and Professions Code section 16600 cause of action and that cause of action should be struck in its entirety. But we otherwise affirm the trial court's order denying Mobilitie's anti-SLAPP motion. Section 425.16, subdivision (c), provides that "a prevailing defendant on [an anti-SLAPP motion] shall be entitled to recover [its] attorney's fees and costs." (See *Ketchum v. Moses* (2001) 24 Cal.4th at 1122, 1131 [where SLAPP defendant successfully brings special motion to strike, award of attorney fees mandatory].) It also provides that "[i]f the court finds that [an anti-SLAPP motion] is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion."

23

A moving party on an anti-SLAPP motion, such as Mobilitie, who achieves only a partial success on an anti-SLAPP motion is generally considered a prevailing party (see *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1267 [prevailing defendant includes one whose anti-SLAPP motion was granted as to some causes of action but not others]), *unless* the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion. (*Lin v. City of Pleasanton* (2009) 176 Cal.App.4th 408, 426; *Mann, supra,* 139 Cal.App.4th at p. 338; see *Moran v. Endres* (2006) 135 Cal.App.4th 952, 955 [where results of motion are minimal and insignificant, trial court is justified in finding a defendant should not recover fees under section 425.16].) Such a defendant may be entitled to fees and costs incurred on the motion to strike, subject to reduction for those claims as to which the motion was not successful and the degree to which the successful and unsuccessful claims are legally and factually related. (*ComputerXpress, supra,* 93 Cal.App.4th at pp. 1016-1020; *Layfayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1383-1384 [§ 425.16 fees limited to those incurred on motion to strike].) Even where the work on the successful and unsuccessful claims is overlapping, "the court must consider the significance of the overall relief obtained by the prevailing party in relation to the hours reasonably expended on the litigation and whether the expenditure of counsel's time was reasonable in relation to the success achieved." (*Mann*, 139 Cal.App.4th at p. 344.) "The determination whether a party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court." (*Id.* at p. 340.)

We express no opinion as to whether, on remand, Mobilitie is entitled to attorney fees as the prevailing party, or whether its anti-SLAPP motion was frivolous or solely intended to cause unnecessary delay. We leave it to the trial court to determine that question upon a proper application.

24

DISPOSITION

The trial court's order denying the anti-SLAPP motion as to Lodder's eighth cause of action for violation of Business and Professions Code section 16600 is reversed and the matter is remanded to the trial court with directions to enter a new order granting the anti-SLAPP motion as to that cause of action only and denying the anti-SLAPP motion as to all other causes of action. In the interests of justice the parties shall bear their own attorney fees and costs on this appeal.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

IKOLA, J.

25